## Polis v. Briggs

· *Philip Polis,* for plaintiff.
*Jerome Balka,* for defendant.

TAKIFF, *J.*, March 11, 1975—The complaint in this action sought to enforce a written contingent fee agreement made between plaintiff and defendant, Sylvia Briggs, against both the contracting party and her husband, defendant Milton W. Briggs. By opinion and order dated September 30, 1974, this court granted Milton Briggs' preliminary objections in the nature of a demurrer to plaintiff's complaint. That motion did not include Mrs. Briggs and, presently, she seeks judgment on the pleadings. We believe that the reasoning which supported granting the husband's preliminary objections extends to encompass his wife's situation and, hence, judgment will be entered in her favor.

The subject contingent fee agreement was entered March 9, 1970, after a final decree in divorce had been entered in Mr. Briggs' favor on January 6, 1970. By its terms, plaintiff's attorney was to represent defendant wife in divorce and support actions against her husband for a fee of $500 "for the support action and for any lower court costs incurred in the divorce action." The retainer agreement further provided, "In connection with the divorce action, in the event of recovery secured either through settlement or otherwise I agree to pay my attorneys forty percent of the value of whatever I may receive which is in excess of my entireties share. In the event there is no excess recovery, said attorneys are not to make any charge for services

rendered in said divorce action. In the event an appeal is required, I agree to pay all appellate costs."

Plaintiff succeeded in securing for Mrs. Briggs a support order of $77.50 and was paid the $500 fee in April 1970. Plaintiff avers that thereafter he negotiated a proposed settlement whereby, if it were consummated, he would have been entitled to $10,000 under the terms of the contingency fee agreement. This sum, plaintiff orally agreed to reduce to $3,500 to facilitate the proposed settlement. However, the parties became reconciled on December 5, 1970, and on December 24, 1970, the final decree in divorce was set aside by written agreement of the parties, witnessed, inter alia, by plaintiff and approved by the court.

In our view, the above recitation of facts fails to state a cause of action against either Mr. or Mrs. Briggs. As we pointed out in granting the husband's preliminary objections:

"The patently obvious answer to the deficiency of the Complaint is the fact that the event upon which the contingent fee was *not* to be paid has occurred, namely 'In the event there is no excess recovery (over the wife defendant's entireties share) said attorneys are not to make any charge for services rendered in said Divorce action.' On March 12, 1970 plaintiff had filed a Petition for a 'Rule on the Husband Defendant to Show Cause Why the Final Decree in Divorce Should Not Be Opened.' Assuming that the wife would have prevailed in an adversary proceeding to that end and the Decree thereafter vacated, the services rendered would have then been complete, the fee for those services having been paid the matter would then have been at an end. The same result has obtained pursuant to

agreement of the parties. No property settlement has been consummated and no fund has been generated to which the contingent fee can attach. Plaintiff seeks to avoid the clear implication of such analysis by pleading that the reconciliation was effected by the marital partners 'In the mistaken belief that the wife Defendant could avoid payment of what was due the plaintiff by a reconciliation.' This allegation not only taxes credibility but even if accurate cannot be the basis for attaching liability upon the husband defendant."

Turning specifically to Mrs. Briggs' situation, it is well established that agreements for contingent fees will not be sustained where they are in violation of public policy: Fulton v. Lancaster County, 162 Pa. 294 (1894). Contingent fee agreements in domestic relations matters are not illegal per se, but the facts in each case must be examined to determine whether the contract is, in fact, contrary to public policy: Kraus v. Naumberg, 36 D. &. C. 2d 746 (C. P. Bucks Co., 1964). Under the undisputed facts of the present matter, allowance of plaintiff's theory that the reconciliation was a device to avoid performance under the agreement would be an abrupt affront to the Commonwealth's policy of encouraging reconciliation of marital conflicts, particularly where, as here, minor children are involved.

## ORDER

And now, March 11, 1975, it is hereby ordered and decreed that defendant Sylvia Briggs' motion for judgment on the pleadings is granted and judgment is entered in her favor.